UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUTHER ATKINSON,
 Plaintiff,

v.

NORWALK POLICE DEPT., et al.,
 Defendants.

No. 3:18-cv-1963 (KAD)

**INITIAL REVIEW ORDER**

**Preliminary Statement**

  Plaintiff, Luther Atkinson ("Atkinson"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 asserting a claim for use of excessive force. The named defendants are the Norwalk Police Department, Norwalk City Hall, and three John Doe Norwalk Police Officers. Atkinson seeks damages and an injunction preventing the Norwalk Police Department from assaulting persons suspected of criminal activity. The complaint was received on December 3, 2018, and Atkinson's motion to proceed *in forma pauperis* was granted on December 28, 2018.

**Standard of Review**

  Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[].” *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On November 6, 2016, three Norwalk police officers assaulted Atkinson. As a result of the assault, Atkinson suffered a dislocated left shoulder and severed rotator cuff. The injury caused Atkinson to suffer severe pain. Atkinson underwent surgery to repair the injury with the insertion of a metal plate. He continues to experience chronic pain. Atkinson received correspondence from the Norwalk Police Chief admitting that the officers used excessive force.

**Discussion**

Atkinson names all defendants in their official and individual capacities. As the Norwalk Police Department and Norwalk Town Hall, presumably meaning the City of Norwalk, are not individuals, they do not have an individual capacity.

Further, a municipal police department is not an independent legal entity and, therefore, is not subject to suit under section 1983. *See Rose v. City of Waterbury*, No. 3:12cv291(VLB), 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (Connecticut statutes "contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued … Rather, … it is the municipality itself which possesses the capacity to sue and be sued."); *see*

2

*also Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (holding that municipal police department is not a municipality or a person subject to suit under section 1983) (citing cases). All claims against the Norwalk Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Claims against municipalities are considered under the standard for municipal liability established in *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). A municipality cannot be found liable merely because it employs a tortfeasor. *Id.* at 691. To state a cognizable claim for municipal liability, Atkinson must demonstrate the existence of an officially adopted policy or custom that caused his injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007); *see also Monell*, 436 U.S. at 694. He must show that his rights were violated as a result of a municipal policy, a municipal custom or practice, or the decision of a municipal policymaker with final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

A municipal policy exists when there is a decision by an official with policymaking authority, or a formal enactment by the municipality's governing body. *Monell*, 436 U.S. at 690. A municipal policy generally encompasses more than one incident. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy[.]"). Atkinson alleges that three police officer used excessive force against him on one occasion. As he alleges no involvement by an official with policymaking authority and describes only one incident, Atkinson does not allege any facts suggesting that the use of force

3

was done pursuant to a municipal policy.

A municipal custom or practice is less formal and may be shown by the existence of a practice "so widespread as to have the force of law." *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). The practice must be "permanent and well settled." *Praprotnik*, 485 U.S. at 127. A practice cannot be inferred from a single incident. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985); *see also Giaccio v. City of New York*, 308 F. App'x 470, 471-72 (2d Cir. 2009) (dismissing *Monell* claim where plaintiff identified, at most, only four examples of injury complained of); *Bowles v. N.Y.C. Transit Auth.,* Nos. 00 Civ. 4213 BSJ MHD, 03 Civ. 2073 BSJ MHD, 2006 WL 1418602, at *16 n.31 (S.D.N.Y. May 23, 2006) (finding that "the combined evidence of only two incidents would still be insufficient to show a 'custom or usage' under the *Monell* standard"). The single incident alleged in the complaint is insufficient to establish a municipal custom or practice. Thus, Atkinson fails to allege facts stating a cognizable claim for municipal liability. The claims against defendant Norwalk Town Hall are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

A claim against a municipal officer in his or her official capacity is, in essence, a claim against the city for which he or she works. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (noting that suit against municipal official in his official capacity was a suit against the municipality because liability for any judgment would rest with the municipality). As the Court has concluded that Atkinson fails to allege facts to state a claim for municipal liability, there is no factual basis for a claim against the individual officers in their official capacities. The claims against the police officers in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). *Accord Parker v. City of Long Beach*, 563 F. App'x 39, 41-42 (2d Cir.

2014)(summary order), *as amended* (Apr. 21, 2014) (affirming dismissal of *Monell* claim where plaintiff "fail[ed] to establish that the individual defendants' actions were the result of any municipal policy or failure to train, or that any of the individual defendants exercised policymaking authority such that [a] single episode could possibly be attributed to municipal authority.").

The case will proceed on the claims against the individual police officers in their individual capacities. However, the Court cannot direct service on these defendants without their names or sufficiently identifying information. Atkinson alleges that he received correspondence from the Chief of Police acknowledging that the officers used excessive force. If the officers are not named in the letter, Atkinson should be able to obtain their names from the Chief of Police or the police department.

**Motion for Appointment of Counsel**

Atkinson also seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, s*ee, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997), and has reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173-74 (2d Cir. 1989)). The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. The current record, consisting only of the Complaint, is insufficient to determine whether Atkinson's claims possess likely merit. Thus, appointment of counsel is premature. Atkinson's motion for appointment of counsel is denied without prejudice to refiling

at a later stage of the litigation.

**Orders**

For all the foregoing reasons, the claims against defendants Norwalk Police Department, Norwalk City Hall, and the John Doe Police Officers in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The case will proceed on the claims for use of excessive force against the John Doe Police Officers in their individual capacities. Atkinson is directed to file an Amended Complaint including the name of each police officer who used excessive force against him. The Amended Complaint shall be filed on or before March 5, 2019. Failure to file an Amended Complaint identifying the John Doe defendants may result in dismissal of the complaint.

Atkinson's motion for appointment of counsel [**Doc. No. 3**] is **DENIED** without prejudice.

Atkinson shall utilize the Prisoner Efiling Program when filing documents with the court.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of January 2019.

/s/
Kari A. Dooley
United States District Judge